**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| CHASE HOME FINANCE, LLC successor by Merger to Chase Manhattan Mortgage Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> ALLAN R. SCROGGINS, KAREN L. SCROGGINS, UNITED STATES OF AMERICA SECRETARY OF HOUSING AND URBAN DEVELOPMENT, and UNKNOWN OWNERS and NON-RECORD CLAIMANTS, <br><br> Defendants. | CIVIL NO. 11-67-GPM |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

      Plaintiff, Chase Home Finance, LLC, successor by merger to Chase Manhattan Mortgage Corporation, brought this foreclosure action under Illinois Mortgage Foreclosure Law 735 ILCS 5/15-1101 against five defendants, one being the United States Secretary of Housing and Urban Development ("HUD"). HUD removed the action to this Court pursuant to 28 U.S.C. §§ 1441(c), 1442(a), and 1444. On February 16, 2011, United States Attorney's Office filed the instant motion to dismiss "for failure to state a claim upon which relief can be granted by reason of lack of standing" (Doc. 6). HUD argues that Plaintiff failed "to allege facts demonstrating that he is a proper party to invoke judicial resolution" *Warth v. Seldin*, 422 U.S. 490, 518 (1975), by failing to attach a copy of the assignment to the complaint in violation of Illinois Rules of Civil Procedure 735 ILCS 5/2-606.

This Court, however, does not follow Illinois Rules of Civil Procedure. The Federal Rules of Civil Procedure "apply to a civil action after it is removed from a state court." FED.R.CIV.P 81(c)(1); *see also Hanna v. Plumer*, 85 S.Ct. 1136, 1141 (1965), 380 U.S. 460, 465 (1965) ("[F]ederal Courts are to apply state substantive law and federal procedural law.") Under Federal notice pleading, a complaint need only "include a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). It only need include "factual allegations [that are] enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). In other words, a "complaint must contain sufficient factual matter...to state a claim to relief that is plausible on its face." *Ashcroft v. Igbal*, 129 S.Ct. (1937).

Plaintiff's complaint satisfies this requirement. Plaintiff cites to the appropriate mortgage foreclosure statutes, including 735 ILCS 5/15-1101 and 735 ILCS 5/15-1208. He provides the original mortgage, and note (Doc.2), which both parties have acknowledge indicate Plaintiff's ownership. (Doc. 6-7). While Plaintiff will eventually be required to produce the instruments that HUD requests in order to succeed, those instruments are not required for Plaintiff to satisfy the federal pleading standards. Defendant's Motion to Dismiss (Doc. 6) is DENIED.

**IT IS SO ORDERED.**

DATED: 7/22/2011

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge